IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YANIRA PEREZ VARGAS<br><br>Plaintiff<br><br>v.<br><br>HOSPITAL SAN JUAN CAPESTRANO DE MAYAGUEZ, MARTA GAY-PIAZZA AND LEONARDO COLON<br><br>Defendant | CIVIL NO. 14-1683<br><br>DISABILITY DISCRIMINATION; DAMAGES<br><br>TRIAL BY JURY |

**COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff, Yanira Perez Vargas through the undersigned attorney, very respectfully states and prays:

**NATURE OF THE ACTION AND JURISDICTION**

1. The instant action is brought pursuant to the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act (hereinafter "ADA" and "ADAA", respectively). Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq. ("RA"); Puerto Rico's Law No. 44 of July 2, 1999, as amended, seeking compensatory, double and punitive damages, back pay, equitable and injunctive relief to seek redress for defendants' discrimination on the basis of disability.

2. This Honorable Court has jurisdiction to entertain this action pursuant to the Equal Opportunities for Individuals with Disabilities Act, 42 U.S.C. § 12101 et seq., and under ADA, 28 U.S.C. § 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. 1367(a) to hear the Commonwealth law claims because these are so related to the other claims

       as to which this court has jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(B)(1) and (2), because the defendants reside in Puerto Rico and all the discriminatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

4. On June 14, 2013, Yanira Perez-Vargas filed a timely charge of employment discrimination of the basis of disability with the Equal Employment Opportunity commission (hereinafter "EEOC"). On June 11, 2014, a Notice of Right to Sue was issued by the United States Department of Justice. See, Exhibit 1.

5. The instant complaint is being filed within 90 days of Perez-Vargas' receipt of the Right to Sue letter.

## PARTIES

6. Plaintiff, Yanira Perez-Vargas is a citizen of the United States and a resident of Rincon, Puerto Rico.

7. Defendant Hospital San Juan Capestrano de Mayaguez is a Corporation within the Commonwealth of Puerto Rico with the capacity to sue and be sued.

8. Defendant Marta Gay-Piazza is a resident of Puerto Rico.

9. Defendant Leonardo Colon is a resident of Puerto Rico.

10. At all times relevant herein, Hospital San Juan Capestrano has been Perez-Vargas's employer under the federal and local statues under which she claims relief.

**RELEVANT FACTS**

11. Yanira Perez-Vargas commenced working for Hospital San Juan Capestrano since May 1999. Perez-Vargas position was Case Manager.

12. Around May 2010 plaintiff suffered an accident that provoked that she develop severe back pain.

13. Plaintiff Perez-Vargas was working at the Mayaguez Branch or Office of defendant Hospital San Juan Capestrano. Because of her accident plaintiff began receiving treatment at the State Insurance Fund Corporation.

14. During the year 2011 defendants requested from plaintiff that she had to travel to their offices in Ponce.

15. Because of plaintiff's trips to Ponce her back pain began to worsen and she informed her immediate supervisor Ms. Elba Quintana of how her trips to Ponce were worsening her severe back pain. Ms. Quintana relayed to plaintiff that she informed her compliant to defendants Marta Gay-Piazza and Leonardo Colon.

16. On Juan 22, 2012 at 4:20 p.m. defendants Marta Gay-Piazza and Leonardo Colon had a meeting with plaintiff Perez-Vargas. Plaintiff was counting that at said meeting she would be relieved from having to travel to Ponce. Far from that plaintiff was informed that effective June 25, 2012 she was relieved from her position in Mayaguez and from then on she was to report to work at Ponce under the same conditions and salary that she had in Mayaguez.

17. Plaintiff informed defendants Marta Gay-Piazza and Leonardo Colon of the problem she was having with her back pain and that the periodic trips to Ponce was worsening her medical condition. Their answer was that she was no longer an employee of the Mayaguez Office and that if she wanted to continue working for defendants it would be in Ponce.

18. The position that plaintiff had in Mayaguez was then given to Ms. Mariluz Ortiz who had less seniority than plaintiff.

19. On August 6, 2012 with a letter form her attending physician Dr. Pedro Crespo-Ortiz. Plaintiff Yanira Perez-Vargas requested a reasonable accommodation in that she be transferred to the clinic or office of defendants in Mayaguez.

20. During the months of August, September and October plaintiff on a weekly basis was calling her immediate supervisor and the Human Resources Division inquiring about her reasonable accommodation request. No answer was given.

21. On November 12, 2012 plaintiff was able to speak to defendant Marta Gay-Piazza inquiring about her reasonable accommodation request who to her surprise in a sarcastic manner asked her if she was the one of the small chair. "Si yo era la de la sillita". Plaintiff asked once again about her request for reasonable accommodation which she had done again on November 20, 2012, they acknowledge receiving the same but no answer was given.

22. On December 31, 2012 plaintiff sent an email to defendant Gay-Piazza inquiring about her request fro reasonable accommodation because no answer had been given.

23. On February 19, 2013 plaintiff's attending physician Dr. Crespo issue a second letter requesting that she be given reasonable accommodation because no answer was received. On February 28, 2013 the reasonable accommodation was again sent this time by certified mail.

24. Because no answer was received on March 15, 2013 plaintiff against sent the letter and all the pertinent documents by email to defendant Gay-Piazza and late in March 2013 plaintiff was informed by her immediate supervisor,

Madeline Garcia that she had received instructions from Leonardo Colon she was to report to work at Ponce.

25. On April 4, 2013, plaintiff's requested the advice of counsel Samuel Rodriguez who sent an email to defendant Gay-Piazza inquiring about her reasonable accommodation request.

26. On April 9, 2013 counsel Jorge C. Pizarro who represented defendant Hospital San Juan Capestrano answered counsel Samuel Rodriguez's email stating that plaintiff's petition was being evaluated and that she would be called to a meeting with defendants Marta Gay-Piazza and Leonardo Colon.

27. On April 18, 2013 plaintiff had a meeting with defendants Marta Gay-Piazza and Leonardo Colon and their suggestion was that plaintiff should have surgery in order to solve her back pain problem.

28. On May 22, 2013 plaintiff informed defendant Gay-Piazza that she had a medical complication due to her back condition which caused an injury in her right knee that required treatment by an orthopedic doctor. The orthopedic doctor ordered plaintiff not drive for more than half an hour.

29. Plaintiff informed defendant Gay-Piazza who, again in a sarcastic manner, told her that if she was transferred to Mayaguez it would be the same because of the traffic jams. She told plaintiff that the Hospital had been sold and that she had no anser to her reasonable accommodation request.

30. On June 14, 2013 plaintiff filed an EEOC complaint based on the refusal of defendants to grant her a reasonable accommodation request.

31. On or around July 5, 2013 defendants agreed to transfer plaintiff to Mayaguez but on a part-time basis earning less than half of what was her salary and without any of the benefits that she had before with the sole exception of her medical plan. Plaintiff salary was $2,800 monthly and is

now around $1,100.00 monthly.

## FIRST CAUSE OF ACTION
### (Discrimination under the ADA and ADDA)

32. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

33. Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon created a hostile work environment predicated on plaintiff's disability and has refused to reasonably accommodate Perez-Vargas in violation of the ADAA.

34. As a result of defendant's discriminatory practices, Perez-Vargas has suffered physical and emotional damages, for which it is fully liable.

35. Plaintiff, Perez-Vargas is entitled to compensation for each and every damage proximately caused by Hospital San Juan Capestrano's unlawful conduct.

36. Plaintiff, Perez-Vargas is entitled to injunctive relief for defendants, Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon to cease and desist of any further discriminatory conduct against Perez-Vargas.

## SECOND CAUSE OF ACTION
### (Punitive Damages Under ADAA)

37. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

38. Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon's discriminatory practices against Perez-Vargas were malicious and/or carried with reckless indifference towards Perez's rights protected under federal and state law.

39. Defendant's discriminatory conduct constitutes a wanton and reckless disregard and deliberate indifference to Perez's rights and as a result thereof, defendants, Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon are liable to Perez-Vargas for punitive damages which are reasonably estimated in the amount of $250,000.00.

## THIRD CAUSE OF ACTION
## REHABILITATION ACT

40. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

41. Perez-Vargas is an individual with a disability, pursuant to 29 U.S.C. §705(20)(b) and 42 U.S.C.A. § 12102(1)(C).

42. Defendants, Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon, who receive federal funds, discriminated against plaintiff by failing to accommodate plaintiff and/or for failure to engage in a good faith interactive process in order to determine whether it could accommodate plaintiff. This, in violation of the Rehabilitation Act; 42 U.S.C § 12112(b)(5)(A) (incorporated into the Rehabilitation Act by 29 U.S.C. § 791(g).

43. As a direct and proximate result of this intentional violation of plaintiff's rights under the Rehabilitation Act by the Defendants, Plaintiff has suffered damages, and loss of enjoyment of life. Plaintiff claims no less than $250,000.00 for the damages suffered on account of defendant's illegal and discriminatory conduct.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination under Law No. 44)

44. Plaintiff repeats and realleges each and every preceding allegation as if fully

set herein.

45. Defendants, Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon's conduct constitutes a violation of Law No. 44.

46. Defendants, Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon are jointly liable to Perez-Vargas for double the compensatory damages proximately caused to Perez-Vargas as a result of their discrimination on the basis of disability.

## FIFTH CAUSE OF ACTION

### (Attorneys Fees and Prejudgment Interest)

47. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

48. Defendants Hospital San Juan Capestrano, Marta Gay-Piazza and Leonardo Colon are liable to Perez-Vargas for attorneys fees under the ADAA, the Rehabilitation Act and under Law No. 44 and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

49. Plaintiff Perez-Vargas demands that the instant action be tried before a jury.

**WHEREFORE**, premises considered, plaintiff prays from this Honorable Court for the following relief:

   a. An order instructing defendant to cease and desist of any further discriminatory conduct against plaintiff Perez-Vargas:

   b. Compensatory damages in an amount not less than $250,000.00, per cause of action;

    c.    Lost benefits, both past and future;

    d.    Punitive damages in an amount not less than $250,000.00;

    e.    An award of double compensatory damages pursuant to Puerto Rico Laws No. 44.

    f.    An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements;

    g.    Prejudgment Interests; and,

    f.    Any other relief which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8 day of September, 2014.

*S/ Israel Roldan-Gonzalez*
**ISRAEL ROLDAN GONZALEZ**
**USDC-PR NO. 115602**
**Attorney for Plaintiff**
**49 Betances Street**
**Aguadilla, P. R. 00603**
**Tel. (787) 89l-l359**
**Fax. (787) 882-5000**
**irg@roldanlawpr.com**